**E-FILED on**   7/14/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEMRY CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>KENTUCKY OIL TECHNOLOGY, N.V., PETER BESSELINK, MEMORY METALS HOLLAND, B.V.,<br><br>   Defendants. | No. C-04-03843 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART STC'S MOTION TO DISMISS<br><br>**[Re Docket No. 74]** |
| KENTUCKY OIL TECHNOLOGY, N.V.,<br><br>   Counterclaimant,<br><br>   v.<br><br>MEMRY CORPORATION and SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>   Counterdefendants. | |

Counterclaimant Kentucky Oil Technology, N.V. ("KOT") has brought a second amended counterclaim ("SAC") against counterdefendants Memry Corporation ("Memry") and Schlumberger Technology Corporation ("STC"). STC moves to dismiss several counterclaims. The court has read the

moving and responding papers and considered the arguments of counsel.  For the reasons set forth below, the court grants STC's motion in part and denies it in part.

## I. BACKGROUND

On April 8, 2005, this court granted in part and denied in part STC and Memry's motion to dismiss KOT's first amended counterclaim ("FAC").  That order describes the background of this case.  Unlike the FAC, the SAC includes a seventh counterclaim for unfair competition and an eighth counterclaim for unjust enrichment.  SAC ¶¶ 70-80.  However, the SAC also re-pleads several causes of action that this court's April 8, 2005 order dismissed: a fourth counterclaim for conversion, a fifth counterclaim that seeks damages for joinder of Peter Besselink ("Besselink") as co-inventor of the STC issued patents, and a sixth counterclaim for a declaration that the STC Issued Patents are invalid and unenforceable.  SAC ¶¶ 52-79.

## II. ANALYSIS

**A.     Standards**

Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The court must accept the facts alleged in the complaint as true.  *Id*.  "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B.     KOT's Seventh Counterclaim for Unfair Competition and Eighth Counterclaim for Unjust Enrichment**

STC moves to dismiss KOT's seventh counterclaim for unfair competition and eighth counterclaim for unjust enrichment on the grounds that the California Uniform Trade Secrets Act ("the CUTSA")[1] preempts them to the extent that they allege misuse of confidential information.  STC also argues that to the

---

[1] The CUTSA provides that "[t]his title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret . . . ."  Cal. Civ. Code § 3426.7(b).

ORDER GRANTING IN PART AND DENYING IN PART STC'S MOTION TO DISMISS —C-04-03843 RMW
JED/DOH

extent that both causes of action allege misuse of information that does not constitute a trade secret, they are preempted by federal patent law.

As mentioned in the court's April 8, 2005 order, California courts have held that the CUTSA preempts common law misappropriation of trade secrets claims. *See Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003). In addition, both the court's April 8, 2005 order and a Delaware court applying California law held that the CUTSA generally preempts conversion claims. *See* Order at 16; *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.,* 318 F. Supp. 2d 216, 218 (D. Del. 2004). At the time of the court's April 8, 2005 order, California courts had declined to rule on whether the CUTSA preempts unfair competition or unjust enrichment claims. *See City Solutions v. Clear Channel Communications, Inc.*, 365 F.3d 835, 838 (9th Cir. 2004) (not addressing the preemption issue but upholding a jury verdict in favor of a plaintiff on an unfair competition claim but against the plaintiff on a CUTSA claim); *Postx Corp. v. Secure Data in Motion, Inc.*, 2004 WL 2663518 *8 (N.D. Cal. Nov. 20, 2004) (opining but not deciding that the CUTSA does not preempt unfair competition claims "not based on precisely the same nucleus of facts"). Another court in the Northern District recently held that the CUTSA "preempts . . . claims for unfair competition and unjust enrichment [when] those claims are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N. D. Cal. 2005).[2] Based on *Digital Envoy*, and on the reasoning set forth in the court's April 8, 2005 order, the court believes that the CUTSA preempts KOT's unfair competition and unjust enrichment claims to the extent that they allege that STC misused confidential information.[3]

However, KOT argues that the CUTSA does not preempt its unfair competition and unjust enrichment claims to the extent they seek redress for STC's misuse of non-confidential information. The

---

[2] STC argues that federal courts analyzing other state uniform trade secrets acts have similarly reasoned that unjust enrichment claims are preempted when they rely on the same actions of misappropriation of confidential or proprietary information. *See, e.g., Nike Inc. v. Dixon,* 2004 WL 3065757, *5 (D. Or. 2004); *Hutchinson v. KFC Corp.,* 809 F. Supp. 68, 71 (D. Nev. 1992); *Glasstech, Inc. v. TGL Tempering Sys., Inc.,* 50 F. Supp. 2d 722, 731 (N.D. Ohio 1999).

[3] At bottom, any such claim is for misappropriation of trade secrets, and KOT "should not be able to avoid the CUTSA's preemptive ambit 'by dressing . . . claims up in different clothing . . . .'" April 8, 2005 Order at 18 (quoting *Callaway*, 318 F. Supp. 2d at 220).

ORDER GRANTING IN PART AND DENYING IN PART STC'S MOTION TO DISMISS —C-04-03843 RMW
JED/DOH

1  court agrees.  KOT's unfair competition and unjust enrichment claims allege that STC used information that
2  was published in the Besselink applications.  SAC ¶¶ 70-75, 79-80.  An element of a misappropriation of
3  trade secrets claim is that the item "is the subject of efforts that are reasonable under the circumstances to
4  maintain its secrecy."  Cal. Civ. Code § 3426.1(d).  Thus, KOT could not recover on a misappropriation
5  of trade secrets theory for misuse of published information. Accordingly, because KOT's unfair competition
6  and unjust enrichment claims "are not based upon misappropriation of a trade secret" to the extent they
7  allege misuse of non-confidential information, the CUTSA "does not affect" them.  *See* Cal. Civ. Code §
8  3426.7(b).

9  Nevertheless, STC argues that federal patent law preempts KOT's claims.[4]  STC contends that
10 KOT could have sought a correction of inventorship under 35 U.S.C. § 256 or filed patent applications
11 claiming the same subject matter as the STC Applications and Issued Patents in an attempt to provoke an
12 interference before the PTO.  STC cites *Hunter-Douglas, Inc. v. Harmonic Design, Inc.,* 153 F. 3d
13 1318 (Fed. Cir. 1998), *overruled on other grounds by Midwest Industries, Inc. v. Karavan Trailers,*
14 *Inc.,* 175 F.3d 1356 (Fed. Cir. 1999), *Dow Chem. Co. v. Exxon Corp.,* 139 F.2d 1470 (Fed. Cir.
15 1998), and *Methode Electronics, Inc. v. Hewlett-Packard Co., Inc.,* 55 U.S.P.Q.2d 1602 (N.D. Cal.
16 2000) for the proposition that allowing unfair competition and unjust enrichment claims to proceed instead
17 of patent claims "would frustrate congressional intent to define exclusively the contours of inventorship and
18 infringement liability through patent law."  Mot. at 12.

19  In addition, STC claims that KOT's attempt to seek damages for misuse of information in which it
20 had no property right contravenes the Supreme Court's holding in *Bonito Boats, Inc. v. Thunder Craft*
21 *Boats, Inc.*, 489 U.S. 141 (1989).  In *Bonito Boats*, the Court struck down a Florida unfair competition
22 statute that prohibited the use of a specific process for duplicating unpatented boat hulls.  The Court
23 reasoned that "the [s]tates may not offer patent-like protection to intellectual creations which would
24 otherwise remain unprotected as a matter of federal law."  *Id*. at 156.  STC argues that KOT's state law
25 claims seek to vindicate "patent-like rights of indefinite scope and duration."  Rep. Br. at 6.

---

[4] However, it is still theoretically possible for STC to be guilty of unfair competition and unjust enrichment for misuse of information that is part of the public domain.  STC's alleged anti-competitive behavior could constitute unfair competition.  In addition, because STC has arguably received a benefit at KOT's expense, such conduct could also constitute unjust enrichment.

However, the cases STC cites in favor of its preemption argument reveal that courts hold that state law claims are preempted when they are predicated upon wrongdoing in front of the PTO. Indeed, such claims "occupy a field identical in scope with the inequitable conduct defense." *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co., Ltd.*, 204 F.3d 1368, 1382 (Fed Cir. 2000). However, patent law does not preempt state law claims that are based on subsequent conduct that occurs in the marketplace. *See Hunter-Douglas*, 153 F.3d at 1322-33 (to escape preemption, a plaintiff must allege or prove that the patentholder perpetrated fraud before the PTO or acted in bad faith in the marketplace); *Dow*, 139 F.3d at 1470 ("unlike [a] common law abuse of process claim . . ., the tort claim asserted here for intentional interference with actual and prospective contractual relations is not an alternative or additional remedy for inequitable conduct before the PTO"); *Methode*, 55 U.S.P.Q.2d at 1604 (claims for unjust enrichment and unfair competition preempted where "the fundamental premise of each of these counterclaims as pled is that Methode should have named Finisar on the patent").

*Univ. of Colo. Found, Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298 (Fed. Cir. 2003) is closely analogous to the case at bar. In that case, a group of doctors sued a company for unjust enrichment, alleging that the group patented its idea to reformulate a prenatal vitamin. *Id*. at 1300. The Federal Circuit affirmed the district court's conclusion that federal patent law did not preempt the unjust enrichment claim, reasoning that it "springs not from an attempt to enforce intellectual property rights, but instead from Cyanamid's alleged wrongful use of the [d]octors' research results." *Id*. at 1306 (quotation omitted). The court distinguished *Bonito Boats* on the grounds that the Florida statute "substantially impede[d] public use of an *unpatentable* intellectual creation." *Id* at 1307 (emphasis in original).[5]

Like the doctors' claims in *American Cyanamid V*, KOT's unjust enrichment and unfair competition causes of action allege that STC acted improperly in the marketplace. Thus, KOT's claims go beyond mere allegations that (1) STC acted improperly in front of the PTO or (2) KOT is entitled to a patent-like right in the Besselink Applications. The SAC alleges that STC (1) "clouded title to the inventions described in the Besselink Applications and impeded [KOT's] ability to license those applications to interested third parties in the field of oil exploration" and (2) "received a benefit which [it]

---

[5] Although *Methode* seems to be inconsistent with this result, that case (1) pre-dates *American Cyanamid V* and (2) was rendered by a district court, not the Federal Circuit.

1  has unjustly retained at the expense of [KOT]." SAC ¶¶ 74, 80.  At oral argument KOT's counsel clarified
2  that KOT claims that (1) STC obtained patents based on information in the Besselink Applications, (2)
3  publicized its technology in the marketplace but did not exploit it, and (3) thus controlled the market by
4  dissuading companies from licensing KOT's technology for fear of being sued for infringement.  Although
5  STC's counsel correctly noted that the SAC does not explicitly refer to this course of conduct, the court
6  believes that its references to "cloud[ing] title," impeding KOT's "ability to license," and "unjustly retain[ing]"
7  a benefit state claims for unfair competition and unjust enrichment, especially when "construed in the light
8  most favorable to the non-moving party." *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).
9       Moreover, KOT has no other way to seek redress for STC's alleged anti-competitive conduct.
10 Even if KOT successfully brought a claim for inequitable conduct, it could not seek damages for the period
11 in which STC has allegedly prevented it from licensing its technology.  Nor could KOT obtain damages via
12 its correction of inventorship claim. April 8, 2005 Order at 20.  Finally, even if KOT filed its own patents
13 and brought an interference in front of the PTO, KOT could not recover a royalty for STC's use of the
14 Besselink Applications: indeed, STC has not used its patents at all.  Only state tort and contract law can
15 make KOT whole for this discrete aspect of STC's alleged wrongdoing.  In sharp contrast to *Bonito*
16 *Boats*, KOT does not attempt to elevate some property right to the status of patent protection; instead, it
17 merely seeks to invoke contract and tort remedies.  Because KOT's unfair competition and unjust
18 enrichment claims do not conflict with federal patent law, the court denies STC's motion to dismiss KOT's
19 seventh and eighth counterclaims.

20       **B.    KOT's Fourth, Fifth and Sixth Counterclaims**

21       KOT claims that it re-plead its fourth counterclaim for conversion, sixth counterclaim for a
22 declaration that the STC Issued Patents are invalid and unenforceable, and fifth counterclaim for damages
23 stemming from joinder of Besselink as a co-inventor of the STC Issued Patents solely for the purposes of
24 appellate review.  This court dismissed KOT's fourth and sixth counterclaims in their entirety and KOT's
25 fifth counterclaim to the extent it seeks money damages in its April 8, 2005 order.  KOT has stipulated to
26 dismissal of these claims again. Opp. at 12.  The court thus dismisses them consistent with its April 8, 2005
27 order.
28

## III.  ORDER

For the foregoing reasons, the court grants and denies STC's motion to dismiss as follows:

1. The court denies STC's motion to dismiss KOT's seventh and eighth counterclaims for unfair competition and unjust enrichment.

2. The court grants STC's motion to dismiss KOT's fourth, fifth, and sixth counterclaims consistent with its April 8, 2005 order.

DATED:      7/14/05                             /s/ Ronald M. Whyte

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Memry:**
Andrew C. Ryan         ryan@cantorcolburn.com
William J. Cass        wcass@cantorcolburn.com
Benjamin J. Holl       benjamin.holl@dbr.com
Charles A. Reid, III   charles.reid@dbr.com

**Counsel for STC:**
Nancy J. Geenen        ngeenen@foleylaw.com
David B. Moyer         dmoyer@foley.com
Kimberly K. Dodd       kdodd@foley.com

**Counsel for KOT:**
Michael H. Bierman     mbierman@luce.com
Nicola A. Pisano       npisano@luce.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      7/14/05                                /s/ MAG
                                                **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART STC'S MOTION TO DISMISS —C-04-03843 RMW
JED/DOH