**United States District Court**
For the Northern District of California

1
2
3                                                          *E-filed 8/17/05*
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION
11   MEMRY CORPORATION,
                                              Case No. C04-03843 RMW (HRL)
12              Plaintiff,
                                              ORDER GRANTING KENTUCKY OIL'S
13        v.                                  MOTION TO COMPEL PRODUCTION OF
                                              DOCUMENTS
14   KENTUCKY OIL TECHNOLOGY, N.V.,
     PETER BESSELINK, MEMORY METALS
15   HOLLAND, B.V.,
16              Defendants.
17
     KENTUCKY OIL TECHNOLOGY, N.V.,
18
                Counterclaimant,
19
          v.
20
     MEMRY CORPORATION and
21   SCHLUMBERGER TECHNOLOGY
     CORPORATION,
22
                Counterdefendants.
23                                        /
24
          On August 16, 2005, this court heard the motion of defendant and counterclaimant Kentucky
25
     Oil Technology ("KOT") to compel production of documents.  Plaintiff and counterdefendant,
26
     Schlumberger Technology Corporation ("STC"), opposed the motion.  Based upon the papers
27
     submitted, and the arguments of counsel, the court issues the following order.
28

**United States District Court**
For the Northern District of California

1

**BACKGROUND**

2   Memry Corporation sued KOT for a declaratory judgment that Memry did not misappropriate

3   trade secrets relating to "Biflex technology" from KOT's predecessors in interest, Peter Besselink,

4   Memory Metal Holland, B.V., and "United Stenting."  KOT counterclaimed against Memry and STC

5   for trade secret misappropriation.  "Biflex technology" comprises the design, manufacture, and use of

6   "bistable" and "multistable" cells for medical and non-medical applications.  A "bistable" cell is a

7   structure capable of assuming a stable collapsed state and a stable expanded state.  A "multistable" cell

8   is a structure capable of transitioning through a number of stable intermediate states between the

9   collapsed and expanded states.  Expandable tubes made of bistable and multistable cells, called

10  "stents," can be placed in passageways, such as arteries, to prevent collapse or blockage.  This

11  technology was the subject of multiple patent applications filed by Besselink (the "Besselink

12  Applications").  In 1999, Besselink published an article on the technology called "Biflex Stents" (the

13  "Article").

14  Besselink entered into an agreement with Memry to develop prototypes for these stents for

15  medical use.  During the course of the collaboration, Besselink shared with Memry proprietary

16  information regarding his designs, subject to a non-disclosure agreement.  After this collaboration

17  agreement ended, Memry was retained by STC to develop this technology for use in oil well

18  boreholes.  KOT now alleges that Memry divulged Besselink's (now KOT's) proprietary trade secret

19  information to STC.

20  Pursuant to California Code of Civil Procedure § 2019.210, a party alleging trade secret

21  misappropriation must identify its trade secrets in pre-discovery disclosures.  The trial judge in this

22  matter requires trade secret litigants to comply with this statute.  Accordingly, KOT served its

23  Identification of Trade Secrets ("Identifications") pursuant to § 2019.210, listing 26 separate trade

24  secrets it believed were infringed.  Claiming the Identifications to be deficient, STC has refused to

25  provide any discovery to KOT, including documents identified in STC's initial disclosures and those

26  responsive to KOT's First Request for Production.  KOT moves the court to compel production of

27  these documents.  Because STC's only ground for resisting production is the alleged inadequacy of

28

2

KOT's Identifications, the only question presented for the court's determination is whether KOT's

Identifications meet the requirements of Cal. Civ. Proc. Code § 2019.210.

**DISCUSSION**

**I.     Legal Standard**

"In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets

Act . . . , before commencing discovery relating to the trade secret, the party alleging the

misappropriation shall identify the trade secret with reasonable particularity." CAL. CIV. PROC. CODE §

2019.210 (West 2005).[1]

Compliance with § 2019.210 does not require a plaintiff to disclose all available information

about its trade secrets.  Rather, plaintiff must "describe the subject matter of the trade secret with

sufficient particularity to separate it from matters of general knowledge in the trade or of special

knowledge of those who are skilled in the trade, and to permit the defendant to ascertain at least the

boundaries within which the secret lies."  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.

Supp.2d 980, 984 (S.D. Cal. 1999)

Section 2019.210 serves practical purposes: "(1) it promotes investigation of claims prior to

suit and discourages the filing of meritless trade secret complaints; (2) it prevents plaintiff from using

the discovery process as a means to obtain the defendant's trade secrets; (3) it frames the appropriate

scope of discovery; and (4) it enables the defendant to form complete and well-reasoned defenses."

*Neothermia Corp. v. Rubicor Medical, Inc.*, 345 F. Supp.2d 1042, 1044 (N.D. Cal. 2004).

**II.     Parties Argument**

Citing *Neothermia*, STC alleges that KOT's Identifications do not support any of the stated

purposes behind the statute.  It claims that if KOT had properly investigated its claims, it would have

known that STC utilized only publicly disclosed information in its product development.  STC further

alleges that KOT refuses to delineate the boundaries of its claimed secrets because it wants to claim

ownership of any STC secrets that KOT may learn about during the discovery process.  STC asserts

that KOT already broadened one of its Identifications (No. 8) once it discovered information about

STC's technology.  STC argues that the court will not be able to determine what discovery is relevant

---

[1]Effective July 1, 2005, this section replaced former section 2019(d) without change.

1   to this case based on KOT's broad descriptions, and STC will not be able to formulate a well

2   reasoned defense if it must "guess" at the boundaries of KOT's claims.

3        For example, STC cites part of KOT's first identified trade secret: "Detailed explanation of the

4   principles and theory of operation of bistable and multistable cells." STC then argues that the

5   Besselink Applications and the Article describe "principles and theory of operation of bistable and

6   multistable cells." STC claims that KOT Identifications Nos. 1, 10, 14 and 19 all claim these

7   unidentified "principles and theories."[2]

8        As another example, STC cites portions of Identification No. 4: "Design techniques and

9   exemplary cell patterns for determining the relative thicknesses of thin/thick strut segments required to

10  achieve bistable action." STC then says that the '702 patent (one of the Applications) also "contains

11  specific drawings illustrating the thickness profiles of strut segments in a bistable cell unit."

12       STC argues that each Identification suffers from a similar vagueness. In sum, it claims that

13  KOT has not distinguished its trade secrets from publicly available information, and thus has not

14  complied with § 2019.210.

15       KOT responds that its Identifications satisfy the requirements of § 2019.210 and that STC is

16  simply trying to avoid producing discovery of its own while collecting enough information from KOT to

17  support a motion for summary judgment.

18       KOT explains that Identification Nos. 2, 3, 4, 5, 6, 7, 16, 17 and 18 relate to design

19  techniques, know-how, and/or exemplary patterns for creating specific component parts or features of

20  bistable cells. KOT argues that the published information, as laid out in Appendix A, does not include

21  *specific* design techniques or dimensional information which could be used to actually build working

22  cell structures. At most, the public information contains general descriptions and drawings that are

23  without dimensional data and not to scale.

24       Identifications Nos. 10, 11, 12, 13, 14 and 24 relate to modeling, testing, and evaluation of

25  bistable cell structures. KOT explains that the published information does not discuss in detail

26

27

28       [2]Appendix A to STC's Opposition is a chart comparing each one of KOT's § 2019.210 Identifications
     with information gleaned from the Besselink Applications and Article.

*United States District Court*
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  numerical modeling, performance evaluation, test equipment design, testing specifications or evaluating

2  prototype test results, all of which are included in its Identifications.

3       Identification Nos. 8, 19, 20, 25 and 26 relate to manufacturing, including data files for laser

4  cutting, and equipment selection.  The Identifications refer to specific electronic files designed by LPL

5  Systems which contain cutting instructions for automated cutting machines.      Identifications Nos.

6  21, 22 and 23 involve the "scaling up" of small bistable tube structures into larger ones.  KOT asserts

7  that nothing in the published material discusses this type of "scaling up," except perhaps mentioning it

8  might be possible.

9       Identification No.1 refers to "aspects of principles and theory of bistable cells," including cell

10  geometry, cell structure properties, manufacturing processes for cell designs, deformation behavior,

11  toggle mechanisms, and locking mechanisms.  While the Article mentions "toggle" mechanisms, it does

12  not discuss the interplay of factors necessary to create a suitable toggle.  The Identifications do.

13       Identification Nos. 9 and 15 refer to the suggestion that bistable cells could be used in non-

14  medical applications, such as wellbore support, and the material selection criteria for bistable cell

15  structures.  The Besselink Applications discuss possible materials but gives no further details.

16       Finally, KOT asserts that it is not attempting to claim the basic structure of the bistable cell as

17  trade secret, as STC alleges.  KOT says that, at STC's request, it merely described the basic structure

18  with its Identifications to provide context for them.

19  **III.**    **Analysis**

20       Whether trade secret disclosures meet the requirements of § 2019.210 is a fact intensive

21  inquiry.  In *Whyte v. Schlage Lock Company*, a California state case, the cross-complainant

22  identified approximately 20 trade secrets, including:

23      Information about new products . . . Market research data . . . Advertising strategy
    plans for the calendar year 2000 . . . [and] Composite material process technologies

24      (i.e., the unique composite materials used by [cross-complainant] in its products and
    the processes applied to those composite materials.

25

26  101 Cal. App. 4th 1443, 1452 (4th Dist. 2002).  The court found that these disclosures "removed any

   doubts about the 'boundaries within which the secret[s] lie[].'"  *Id.* at 1453, quoting *Diodes, Inc. v.*

27  *Franzen*, 260 Cal. App. 2d 244, 253 (1968).

28

**United States District Court**

For the Northern District of California

1    Comparing the trade secrets described in *Whyte* to those in the present case, it would appear

2    that KOT has met its burden.  KOT's Identification No. 19 describes:

3    Know-how relating to manufacturablilty issues, including analysis of stress
     concentration/cracking arising from cell geometry and/or deposition of remelted metal
4    on adjacent tube areas during laser cutting.

5    *See* Appendix A to Opp. at ¶ 19.  In fact, here KOT's is more specific than what was acceptable to

6    the court in *Whyte*.

7    Even KOT's most generalized Identification, No. 1, identifies the trade secret with reasonable

8    particularity:

9    Detailed explanation of the principles and theory of operation of bistable and
     multistable cells . . . Each of the foregoing aspects of bistable and multistable cells is a
10   function of cell geometry, material properties of the material from which the cell
     structure is constructed, and manufacturing processes.  Such information regarding the
11   operation of bistable and multistable elements, the required material properties to
     implement bistable and multistable cell structures, and suitable manufacturing
12   processes . . . is not generally known to those in the art of fabricating expandable
     metal tubes.

13   *See* Appendix A To STC's Opposition at ¶ 1.

14   STC's characterizations of KOT's claims are not quite accurate.  STC overlooks the detail

15   that KOT added as a result of the parties' meet and confer efforts.[3]  Likewise, STC's comparison

16   between the Identifications and the published information misses the mark.  While STC is correct that

17   the Besselink Applications and Article discuss the technology at issue, those documents do not contain

18   detailed descriptions of the manufacturing process for the cell structures, such as the criteria for

19   selecting materials, testing techniques, or cell patterns and dimensions.[4]

20   In summary, KOT's Identifications are more detailed than the information available to the

21   public.  And, KOT's Identifications meet the overall purposes of § 2019.210.  They reflect adequate

22   pre-filing investigation by KOT.  They shape the relevant areas of discovery.  They are specific enough

23   both to prevent KOT from abusing the discovery process and to allow STC to formulate its plan of

24   defense.

25

26   _____

27   [3]While much of this supplemental information seems to be redundant boilerplate, some of it is detailed
     and informative.

28   [4]For example, the Besselink Application offers diagrams without measurements that are not drawn to
     scale.

6

1

**ORDER**

2        Based on the foregoing, the court finds that Kentucky Oil's Trade Secret Identifications

3   comply with the requirements of California Code of Civil Procedure § 2019.210.  Accordingly,

4   Kentucky Oil's motion to compel is GRANTED.  Schlumberger is ordered produce documents

5   identified in its initial disclosures and those responsive to Kentucky Oil's First Request for Production

6   on or before **August 31, 2005**.

7        **IT IS SO ORDERED.**

8   Dated: 8/17/05                                                    /s/ Howard R. Lloyd

9                                                     HOWARD R. LLOYD
                                                    UNITED STATES MAGISTRATE JUDGE

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**United States District Court**

For the Northern District of California

1 | THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2 | Michael H. Bierman    mbierman@luce.com

3 | William J. Cass       WCass@CantorColburn.com

4 | Kimberly K. Dodd      kdodd@foley.com, llow@foley.com

5 | Nancy J. Geenen       ngeenen@foleylaw.com, rbarcena@foleylaw.com

6 | Benjamin J. Holl      benjamin.holl@dbr.com, dalia.rom@dbr.com

7 | David B. Moyer        dmoyer@foley.com

8 | Nicola A. Pisano      npisano@luce.com

9 | Andrew C. Ryan        Ryan@CantorColburn.com

10 | Charles A. Reid , III    charles.reid@dbr.com, kristi.baughman@dbr.com, april.miller@dbr.com

11

12 | * Counsel are responsible for providing copies of this order to co-counsel.

13 | Dated: 8/17/05

                                    /s/ RNR
14 |                        Chambers of Magistrate Judge Lloyd

15

16

17

18

19

20

21

22

23

24

25

26

27

28