*E-filed 3/19/07*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MEMRY CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>KENTUCKY OIL TECHNOLOGY, N.V., PETER BESSELINK, MEMORY METALS HOLLAND, B.V.,<br><br>        Defendants.<br><hr>KENTUCKY OIL TECHNOLOGY, N.V.,<br><br>        Counterclaimant,<br><br>        v.<br><br>MEMRY CORPORATION and SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>        Counterdefendants. | Case No. C04-03843 RMW (HRL)<br><br>**ORDER:**<br>**(1) GRANTING MEMRY'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF KOT;**<br>**(2) DENYING KOT'S CROSS-MOTION FOR A PROTECTIVE ORDER; AND**<br>**(3) DENYING MEMRY'S MOTION FOR SANCTIONS**<br><br>Re: Docket Nos. 403, 449 |

    Memry Corporation ("Memry") moves to compel the continued Rule 30(b)(6) deposition of Kentucky Oil Technology ("KOT") and for an order prohibiting KOT's counsel from instructing the witness not to answer certain questions. Memry also purports to move for sanctions, but does not do so in a separate motion. KOT opposes the motion and responds with

a cross-motion for a protective order respecting the same issue.

## BACKGROUND

In this lawsuit, KOT contends, *inter alia*, that Memry misappropriated 26 of KOT's trade secrets relating to bistable cell technology (bistable and multistable cells and stents, originally intended for medical purposes). This misappropriation allegedly occurred while Memry and KOT's predecessor-in-interest were involved in a Collaboration Agreement.

Before this Collaboration Agreement began, on January 24, 1997, Peter Besselink filed a United States Provisional Application ("the Provisional Application") directed to bistable and multistable cells. On July 30, 1998, Besselink's related international application was published pursuant to the Patent Cooperation Treaty. On that same day he filed a United States patent application. Both July 30, 1998 applications claimed the benefit of priority of the Provisional Application. Collectively, these three are referred to as "the Besselink Applications."

According to KOT, the rights to the bistable cell technology and the Besselink Applications changed hands several times over the next few years. In early 2000, Jomed N.V. acquired the rights. In early 2003, Jomed sold the rights to Abbott Laboratories Vascular Enterprises Ltd. In December 2003, Abbott sold the rights to KOT. In June 2005, KOT sold the Besselink Applications, for medical applications, to Paragon Intellectual Properties, L.L.C.

On December 22, 2005 and March 29, 2006 Paragon filed two patent applications pertaining to the bistable cell technology ("the Paragon Applications"). These two patents were both styled as continuation-in-part patents and claimed the priority date of the January 24, 1997 Provisional Application. The applications were filed in the name of several inventors, including Besselink, and the rights were assigned to Paragon. One of the Paragon Applications ("the '495 application") pertains to biodegradable stents formed of bistable cells. The other of the Paragon Applications ("the '940 application") relates to helical stents made out of bistable cells.

On January 16, 2007, STC and Memry began a Rule 30(b)(6) deposition of KOT. Wilfried van Moorleghem was the appointed representative. Memry attempted to question KOT about the Paragon Applications, including whether they violated the "best mode"

2

requirement[1], and whether any of KOT's alleged trade secrets were depicted in them. KOT's attorney instructed the witness not to answer any questions concerning the Paragon Applications. KOT's attorney asserted at the deposition, and maintains in opposition to Memry's motion, that such questioning is both outside the scope of the noticed deposition topics and irrelevant to the lawsuit. Memry disagreed and brought this motion to compel the continued 30(b)(6) deposition free from such objections.

## DISCUSSION

KOT conceded at the hearing that the disputed questioning was reasonably within the scope of the noticed deposition topics. The only issue for the court, then, is whether questioning concerning the Paragon Applications is irrelevant to the lawsuit.

Memry has a theory, which has formed the basis of a pending motion for partial summary judgment, that KOT should be estopped from asserting that it has any trade secrets because Besselink did not disclose the "best mode" of practicing the Paragon Applications. Memry believes that the trade secrets at issue in this lawsuit must overlap to some extent with the best mode of practicing the Paragon Applications. Memry asserts that "KOT has taken two different and inconsistent positions in two different forums on the scope of its trade secrets," because in this lawsuit KOT contends that it has carefully protected its trade secrets, while patent law requires inventors to disclose (and thus lose any trade secret protection for) the best mode of using the invention. Thus, in Memry's view, KOT claims to this tribunal that it has multiple trade secrets, but in 2005 and 2006 it claimed to the Patent Office not to have any undisclosed secrets about the Paragon Applications. This supports an estoppel/waiver defense, according to Memry. In an overlapping argument, Memry asserts that it should be allowed to explore whether the alleged trade secrets were included or should have been including in the Paragon Applications, causing the extinguishment of the alleged trade secrets.

---

[1] "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."
35 U.S.C. § 112.

3

KOT points out that there are a number of unproven assumptions inherent in this line of argument. For example, Memry assumes that the inventions disclosed in the Paragon Applications are directed to the same subject matter as at issue in this litigation, and Memry assumes that the trade secrets KOT allegedly conveyed to Memry in the course of their Collaboration Agreement are the same as the best mode of practicing the Paragon Application inventions. However, KOT's arguments go to the strength of the evidence, rather than its relevance. This court is not prepared to say that this line of inquiry is irrelevant as a matter of law. Memry's motion to compel is GRANTED and KOT's motion for a protective order is DENIED.

Memry also moves for sanctions pursuant to Fed.R.Civ.Proc. 37(a)(4)(A). Memry has not complied with Civil Local Rule 7-8 by submitting a separate sanctions motion, and this motion is DENIED.

**IT IS SO ORDERED.**

Dated:    3/19/07



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Michael H. Bierman mbierman@luce.com,

William J. Cass WCass@CantorColburn.com,

Kimberly K. Dodd kdodd@foley.com, rbarcena@foley.com

Nancy J. Geenen ngeenen@foleylaw.com, rbarcena@foleylaw.com

Benjamin J. Holl benjamin.holl@dbr.com, jeanette.juniel@dbr.com

Thomas J Mango tmango@cantorcolburn.com

David B. Moyer dmoyer@foley.com, jpung@foley.com; smurthy@foley.com; mlagdameo@foley.com

Nicola A. Pisano napisano@JonesDay.com

Charles A. Reid , III charles.reid@dbr.com, kristi.baughman@dbr.com; april.miller@dbr.com; chris.lorange@dbr.com; ioana.mondescu@dbr.com

Andrew C Ryan Ryan@CantorColburn.com,

Jeffrey David Wexler jwexler@luce.com, tdelpomar@luce.com

**Counsel are responsible for forwarding a copy to co-counsel who have not registered for e-filing.**