**E-FILED on**   11/5/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEMRY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>KENTUCKY OIL TECHNOLOGY, N.V., PETER BESSELINK, MEMORY METALS HOLLAND, B.V.,<br><br>    Defendants.<br><br>KENTUCKY OIL TECHNOLOGY, N.V.,<br><br>    Counterclaimant,<br><br>    v.<br><br>MEMRY CORPORATION and SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>    Counterdefendants. | No. C-04-03843 RMW<br><br>ORDER DENYING KENTUCKY OIL'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>**[Re Docket No. 640]** |

    By its order dated April 8, 2005, the court dismissed KOT's sixth counterclaim for declaration of invalidity and unenforceability of STC's issued patents that are allegedly based upon Peter Besselink's Biflex technology. *See* Order Granting in Part and Denying In Part

1 Counterdefendants' Motion to Dismiss dated April 8, 2005, Docket No. 65.  KOT seeks leave of this
2 court to file a motion for reconsideration of the court's decision based upon the Supreme Court's
3 opinion in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007).

4       In *MedImmune*, the Supreme Court clarified that the "actual controversy" requirement of the
5 Declaratory Judgment Act demands only "that the dispute be definite and concrete, touching the
6 legal relations of parties having adverse legal interests; that it be real and substantial and admit of
7 specific relief through a decree of a conclusive character, as distinguished from an opinion advising
8 what the law would be upon a hypothetical state of facts."  *MedImmune*, 127 S. Ct. at 771-72.  The
9 Supreme Court noted that the Federal Circuit's "reasonable apprehension of imminent suit" test
10 conflicted with several cases in which the Supreme Court had found that a declaratory judgment
11 plaintiff had a justiciable controversy.  *Id.* at 774 n. 11.  Although this court mentioned the
12 "reasonable apprehension of suit," reliance on that test is neither necessary or required.  This court
13 determined that KOT had shown by its assertion of a claim under 35 U.S.C. § 256 only that it may
14 have a concrete interest in the *outcome* of a determination of the validity or unenforceability rather
15 than a definite and concrete dispute.  "[E]ven if KOT prevails on its section 256 claim, there is no
16 way of knowing that it will continue to challenge the patents' validity and enforceability. . . . Thus,
17 the mere fact that it would be convenient for KOT to know whether Besselink could potentially
18 become co-inventor of invalid and unenforceable patents does not create an 'actual controversy'
19 where otherwise there would be none."  April 8, 2005 Order at 23-24.  Even under *Medimmune*, the
20 court concludes that KOT's previously-dismissed counterclaim for a declaration of invalidity and
21 unenforceability does not present an "actual controversy" for this court and denies KOT's motion for
22 leave to file a motion for reconsideration.

24 DATED:      11/5/07                     *Ronald M. Whyte*
25                                                          RONALD M. WHYTE
                                                         United States District Judge

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Memry:**
| | |
|---|---|
| Andrew C. Ryan | ryan@cantorcolburn.com |
| William J. Cass | wcass@cantorcolburn.com |
| Thomas Mango | tmango@cantorcolburn.com |
| Benjamin J. Holl | benjamin.holl@dbr.com |
| Charles A. Reid, III | charles.reid@dbr.com |

**Counsel for STC:**
| | |
|---|---|
| Nancy J. Geenen | ngeenen@foleylaw.com |
| David B. Moyer | dmoyer@foley.com |
| Kimberly K. Dodd | kdodd@foley.com |

**Counsel for KOT:**
| | |
|---|---|
| Michael H. Bierman | mbierman@luce.com |
| Nicola A. Pisano | npisano@luce.com |
| Jeffrey David Wexler | jwexler@luce.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/5/07                                       /s/ MAG
                                                **Chambers of Judge Whyte**

ORDER DENYING KENTUCKY OIL'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION—No. C-04-03843 RMW MAG

3