**E-FILED on** 11/7/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEMRY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENTUCKY OIL TECHNOLOGY, N.V., PETER BESSELINK, MEMORY METALS HOLLAND, B.V.,<br><br>　　　　Defendants. | No. C 04-03843 RMW (HRL)<br><br>ORDER GRANTING IN PART AND DENYING IN PART KENTUCKY OIL TECHNOLOGY'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COUNTERCLAIMS<br><br>**[Re Docket No. 657]** |
| KENTUCKY OIL TECHNOLOGY, N.V.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>MEMRY CORPORATION and SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>　　　　Defendants. | |

On August 3, 2007, defendant and counterclaimant Kentucky Oil Technology, N.V. ("KOT") moved for leave to amend its Third Amended Counterclaims. It seeks amend its designation of "STC Issued Patents" set forth in paragraph 26 to add seven patents, six of which issued after KOT

filed its Second Amended Counterclaims on May 6, 2005, and one of which issued before May 6, but that KOT inadvertently omitted from its Second Amended Counterclaims. KOT's fifth counterclaim seeks a correction of inventorship under 35 U.S.C. § 256 to add Peter Besselink as a co-inventor on the STC Issued Patents. Schlumberger Technology Corporation ("STC") and Memry Corporation ("Memry") oppose granting KOT leave to amend.

## I. BACKGROUND

In its Second Amended Counterclaims, the list of STC Issued Patents consisted of U.S. Patent Nos. 6,648,071; 6,688,397; 6,659,054; and 6,799,637. All of these patents issued prior to May 6, 2005 and allegedly incorporate Biflex technology that Besselink claims to have invented. One of the patents that KOT seeks to add to the list of STC Issued Patents, U.S. Patent No. 6,774,836, also issued prior to May 2005, but was inadvertently omitted from the Second Amended Counterclaims.

After KOT filed its Second Amended Counterclaims on May 6, 2005, the following six patents incorporating the Bifex technology issued to STC:

| Patent No. | Title | Issue Date |
|---|---|---|
| 7,048,052 | Apparatus Comprising Expandable Bistable Tubulars and Methods for Their Use in Wellbores | 05/23/2006 |
| 7,134,501 | Expandable Sand Screen and Methods for Use | 11/14/2006 |
| 7,156,180 | Expandable Tubing and Method | 01/02/2007 |
| 7,168,486 | Apparatus Comprising Expandable Bistable Tubulars and Methods for Their Use in Wellbores | 01/30/2007 |
| 7,185,709 | Expandable Tubing and Method | 03/06/2007 |
| 7,191,842 | Collapse Resistant Expandables for Use in Wellbore Environments | 03/20/2007 |

Wexler Decl., Exs. F-K. KOT now seeks to add these six recently-issued patents and the previously-omitted '836 patent to the definition of "STC Issued Patents" in paragraph 26.

## II. ANALYSIS

**A.     Undue Delay**

In determining whether a motion for leave to amend should be granted, the court is to consider whether the party seeking the amendment unduly delayed in filing its motion. Further,

ORDER GRANTING IN PART AND DENYING IN PART KENTUCKY OIL TECHNOLOGY'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COUNTERCLAIMS–No. C 04-03843 RMW
2

because the deadline to seek leave to amend pleading was November 1, 2006, *see* Order Following Case Management Conference, Docket No. 189, Federal Rule of Civil Procedure 16(b) requires a showing of good cause. *See, e.g., O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (parties required to amend their contentions promptly after discovering new information). Relevant to evaluating delay is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Neither STC nor Memry direct any argument toward the KOT's proposal to include the inadvertently-omitted patent, the '836 patent, in the STC Issued Patents. It would appear that permitting the amendment of the STC Issued Patents to include the '836 would not be prejudicial to STC and Memry because they have been on notice that this patent was in the case. KOT included the '836 patent in its interrogatory responses in November 2005 and October 2006 when asked to identify each of Besselink's alleged inventive contributions for each claim of each STC Issued Patent. KOT's counsel also questioned Memry witness L. MacDonald Schetky regarding the '836 patent at his December 6, 2005 deposition.

As to the remaining six patents, it is clear that KOT could not have known when it filed its Second Amended Counterclaims that the '053, '501, '180, '486, '709 and '842 patents that issued between May 23, 2006 and March 20, 2007 would issue. Additionally, the fifth counterclaim for correction of inventorship states that KOT will seek leave to file supplemental complaints to add after-issuing patents. Second Amended Counterclaims ¶ 62. KOT did not unduly delay in seeking leave to supplement its counterclaims. KOT alleged that STC had other pending patent applications that it believes incorporated Besselink's Biflex technology and, rather than amending its counterclaims each time a new patent issued, waited to see whether the PTO would issue additional patents. As only one of the six newly-issued patents had issued prior to the November 1, 2006 cutoff date for seeking leave to amend, KOT appears to have had good cause not to seek leave to amend until August 2007.

**B.    Prejudice**

In considering a motion to amend, the court should also consider prejudice to the nonmoving party. STC and Memry contend that granting KOT's proposed amendment would be severely prejudicial to them because there has been no discovery relating to KOT's proposed new allegations. The Ninth Circuit has upheld denials of leave to amend as prejudicial where a motion to amend was made after the close of discovery because it would have required reopening discovery, thereby delaying proceedings. *Solomon v. North American Life & Casual Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); *see also, Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

Here, Memry and STC argue that the prejudice will be substantial because there has been neither fact nor expert discovery regarding the subject matter of these new allegations. They assert that during discovery, KOT's technical expert Dr. Kenneth Perry never mentioned the patents that are the subject of KOT's motion, nor does he address Besselink's contribution to these patents. Likewise, KOT's economic expert Dr. Daniel Ingberman makes no statement with respect to the value of the inventions in these new patents or Besselink's contribution. They assert that the inclusion of these new patents presents the possibility of substantive disputes regarding each inventor's contribution, the conception and mechanism used in the inventions, and the similarity and difference between the patents. STC and Memry assert that they would require more time to conduct fact and expert discovery on the newly-issued patents, causing further delay in the already long-running case.

KOT asserts, on the other hand, that the amendment it seeks would not prejudice to STC and Memry. First, KOT points out that each of KOT's counterclaims refers to the STC applications from which these patents issued. *See, e.g.*, Second Amended Counterclaims ¶¶ 44-45 (KOT's breach of contract claim against Memry asserting that "[a]ll of the STC Applications are based on or derived from the Biflex technology . . . developed by Memry pursuant to the Collaboration Agreement and in breach of that agreement" and asking for relief for "any benefit that Memry received for transferring that property to STC or disclosing it in the STC Applications"). It does acknowledge,

ORDER GRANTING IN PART AND DENYING IN PART KENTUCKY OIL TECHNOLOGY'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COUNTERCLAIMS–No. C 04-03843 RMW
4

however, that one invention is not included in the allegations regarding the STC applications, namely, the locking mechanisms claimed in the '842 patent. It asserts, however, that the locking mechanisms are specifically alleged in paragraph 14 of the complaint and are identified as trade secrets 16 and 17 in KOT's supplemental identification of trade secrets that was served in July 2005.

Next, KOT asserts that, except as to the '842 patent, its requested amendment would not require additional discovery because Besselink's inventive contributions to the bistable cell inventions in the newly-issued patents are the same as his inventive contributions to the originally-defined STC Issued Patents. Mot. at 7:11-14. KOT argues that all of the newly issued patents except the '842 patent states that it is based on and claims priority from the same provisional applications that are identified in the Second Amended Counterclaims.

Based on the allegations and evidence to date, it would appear that a determination as to the extent that Besselink purportedly contributed to the contents of the specifications of the STC Issued Patents would resolve, with one exception, the correction of inventorship claim. The correction of inventorship claim appears to generally assert that Besselink's inventive contribution consisted of providing the foundational bistable device that enabled the claimed inventions to be made. *See, e.g.*, Decl. Jeffrey Wexler, Ex. L at 34, Response to Interrogatory #9. Because the specifications appear to be substantially similar, the prejudice to counterdefendants seems minimal. The one exception is the '842 patent which claims a "locking mechanism." What exactly Besselink's inventive contribution to that patent was is unclear and it would not be fair to add it to this action now that discovery has closed and trial is imminent.

**C.     Futility**

Finally, STC and Memry each set forth arguments for why KOT's proposed amendment would be futile. Counterdefendants essentially rehash their arguments set forth in STC's motion for summary judgment on KOT's correction of inventorship claim. The court denied that motion by its order dated September 20, 2007, Docket No. 683, and declines to reconsider these arguments in the context of counterdefendants' opposition to KOT's motion to amend.

Similarly, counterdefendants argue that KOT has no standing to sue for correction of inventorship. The arguments advanced in opposition to KOT's motion to amend are similar to those

advanced in prior motions. The argument that United Stenting, Inc. retained the rights to all non-medical applications of the Biflex technology and Besselink Applications was advanced in Memry's Motion to Dismiss for Lack of Standing, Docket No. 635 and was addressed in the order on that motion. STC's argument that Paragon subsequently received an assignment to all rights in the medical field does not impact KOT's inventorship claim, which seeks to vindicate rights outside the medical field.

### III. ORDER

Because the court finds that KOT did not unduly delay and that the prejudice to counterdefendants is minimal in light of the similarity of the issue to be resolved with respect to correction of inventorship claim as to all of the asserted patents but the '842 patent, the court grants KOT's Motion for Leave to File Third Amended and Supplemental Counterclaims on the condition that Besselink's alleged inventive contributions to the six newly-added patents are identical to his contributions to the previously alleged STC Issued Patents. KOT's Third Amended Counterclaim with the '842 patent stricken shall be deemed filed on the date of this order. STC and Memry are to respond within five days or may elect to treat their previously filed answers to the Second Amended Counterclaim as their answer to the Third Amended Counterclaim.

DATED:     11/7/07

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Memry:**
Andrew C. Ryan ryan@cantorcolburn.com
William J. Cass wcass@cantorcolburn.com
Thomas Mango tmango@cantorcolburn.com
Benjamin J. Holl benjamin.holl@dbr.com
Charles A. Reid, III charles.reid@dbr.com

**Counsel for STC:**
Nancy J. Geenen ngeenen@foleylaw.com
David B. Moyer dmoyer@foley.com
Kimberly K. Dodd kdodd@foley.com

**Counsel for KOT:**
Michael H. Bierman mbierman@luce.com
Nicola A. Pisano npisano@luce.com
Jeffrey David Wexler jwexler@luce.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/7/07                         /s/ MAG
                                            **Chambers of Judge Whyte**