E-FILED on   11/27/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEMRY CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>KENTUCKY OIL TECHNOLOGY, N.V.,<br>PETER BESSELINK, MEMORY METALS<br>HOLLAND, B.V.,<br><br>        Defendants. | No. C-04-03843 RMW<br><br>ORDER ON MOTIONS IN LIMINE |
| KENTUCKY OIL TECHNOLOGY, N.V.,<br><br>        Counterclaimant,<br><br>        v.<br><br>MEMRY CORPORATION and<br>SCHLUMBERGER TECHNOLOGY<br>CORPORATION,<br><br>        Counterdefendants. | |

**A.** **Effect of This Order**

       The parties in this contentious case have brought an extraordinary number of in limine motions. This order is intended to resolve some of the motions and to provide guidance with respect to issues raised by other motions. The parties may not offer evidence or argument contrary to the rulings issued

or the guidance provided herein without first raising the issue of admissibility outside the presence of the jury and convincing the court that it should allow the evidence or argument. If counsel wishes to raise such an issue, it should bring it to the court's attention other than during the time scheduled with the jury.

**B.     Related Motions in Limine**

Several of the motions in limine brought by the parties concern similar subject matter. They are discussed together in this Section B. Sections C-E, which discuss each party's motions in limine in sequence, refer to the rulings in Section B where appropriate.

**1.     Motions re: Dr. Ingberman**

**a.     Memry's Motion in Limine No. 2 To Exclude from Trial Dr. Ingberman's Damages Opinion Because It Is Not a Reasonable Certainty Standard [Docket No. 692]; STC's Motion in Limine No. 2 To Exclude KOT's Expert Daniel Ingberman from Testifying at Trial [Docket No. 707]**

The motions to exclude Dr. Daniel Ingberman's damages opinion and testimony are granted in part and denied in part. Although the court considers it to be a close matter, the overall deficiencies in Dr. Ingberman's opinions are a matter of weight, not of admissibility. However, Dr. Ingberman is precluded from testifying as to the alleged fact or amount of damages or unjust enrichment in the following areas: the alleged impairment of KOT's ability to license outside the oil field, *see* Ingberman Report ¶ 11; STC's alleged ability to exclude competitors from applying expandable cell technology to oil uses, *id.* ¶ 12; any alleged advantage realized by STC as to the Weatherford Representation Agreement, *id.*; and any other benefits allegedly gained or expected to be gained by STC from any ownership of technology rights in patents and applications allegedly incorporating the Biflex technology, *id.* Dr. Ingberman's report contains only a cursory treatment of these subjects. It does not provide any basis for his assertions as to the fact of such harms to KOT and sources of enrichment to STC. Additionally, his expert report affirmatively states that he has either not attempted or been unable to quantify these alleged harms and benefits. *Id.* ¶¶ 11-12, 60.

Specifically, the court finds that Dr. Ingberman's opinions as to the loss of value regarding medical applications is pure speculation. *See, e.g.,* Ingberman Report ¶ 11, 60; Ingberman Rebuttal ¶ 16, 27 (stating without basis that "there is no doubt that the technology at issue for medical applications had diminished in value in terms of what Mr. Besselink was able to obtain as an upfront fee from

ORDER ON MOTIONS IN LIMINE—C-04-03843 RMW
MAG                                                                                       2

Paragon ($3 million in 2004), compared to what Jomed agreed to pay ($10 million in 2001).") Except for the factual statement that the present litigation was cited in the Paragon/KOT agreement, Dr. Ingberman provides no basis for why "it is reasonable to conclude that some of the reduction in value was due to concerns surrounding the potential outcome from this litigation as to ownership rights to the technology at issue for medical applications" rather than other reasons such as the passage of time or the limited potential medical utility of the invention.

Dr. Ingberman also does not opine in either his initial or rebuttal report as to what advantage STC obtained in its negotiations of the Weatherford representation agreement. The opinion expressed in his initial report that "[o]ne would also need to take into account whether STC obtained better terms from Weatherford as a result of STC's access to the bistable cell technology, which resulted from the alleged wrongful conduct," is pure speculation. Ingberman Report ¶ 73; *see also id.* ¶ 12 ("STC may have obtained the ability to exclude competitors from applying the expandable cell technology to oil field uses, and may have also been able to obtain more favorable terms in its Representation Agreement with Weatherford than it otherwise would have been able to negotiate."). His subsequent rebuttal report does not explain further. Dr. Ingberman merely discusses the royalty rate provided in the STC/Weatherford representation agreement but does not discuss any advantage STC may have gained from its access to the Biflex technology. Ingberman Rebuttal ¶ 26. Aside from the passing assertion with regard to the Weatherford agreement and his opinions relating to the "cloud on title" theory previously rejected by the court, Dr. Ingberman's report does not offer bases for his opinion that STC was enriched or that KOT was harmed by STC's ownership of rights in patents and patent applications allegedly incorporating the Biflex technology. Even to the extent Dr. Ingberman makes these passing references, he admits that he as "been unable to quantify these additional benefits." Ingberman Report ¶ 12.

Finally, the court finds that Besselink's assertion that KOT could have licensed its technology for $10 million is not one upon an expert would reasonably rely. *See* FRE 703. Here, it is undisputed that KOT was not an established business. Where a business does not have a history of profitable operations, the owner's opinion of what it could have accomplished is insufficient because it is necessarily speculative. *Resort Video, Ltd, v. Laser Video, Inc*, 35 Cal. App. 4th 1679, 1699 (1995).

It is unreasonable for an expert to rely upon the owner of an unestablished business for a valuation of the technology at issue, particularly here where Besselink has no foundation for his opinion.

Dr. Ingberman's testimony must be limited to his opinion on what willing parties would have agreed to as a reasonable royalty for the use of the Besselink technology as developed by Memry in collaboration with Besselink and disclosed by Memry to STC.

**2.    Motions re: Dr. Perry**

      **a.    Memry's Motion in Limine No. 4 To Exclude Any Testimony By Dr. Kenneth Perry Regarding KOT's Alleged Claim of Inventorship Based on Alleged Oral Conversations [Docket No. 694]; Memry's Motion in Limine No. 7 To Exclude KOT's Expert, Dr. Perry, from Testifying on Barrie Hart's Design File for Failing to Timely Opine on the Design File in His Expert Report, and Exclude Barrie Hart's Design File for Lack of Authentication [Docket No. 697]; STC's Motion in Limine No. 20 To Exclude the Testimony of Kenneth E. Perry [Docket No. 798]**

The court grants in part and denies in part STC and Memry's motions to exclude Dr. Perry's testimony. Dr. Perry's testimony must be limited to a comparison of factual similarities between the Biflex technology and the contents of STC's design documents, patents and applications.

With regard to Memry's fourth motion in limine to exclude any testimony by Dr. Perry regarding KOT's inventorship claim to the extent it is based on alleged oral conversations, as discussed below in conjunction with Memry's Motion in Limine No. 3, Dr. Perry can rely on oral testimony of inventorship so long as it can be independently corroborated. But because there is a requirement that oral testimony by interested witnesses be corroborated by documentary evidence, *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003), Dr. Perry's opinion must be excluded to the extent that it is based upon (1) oral testimony by Besselink if that testimony is only corroborated by the oral testimony of an interested witness, or (2) other oral testimony by an interested witness that is otherwise uncorroborated by documentary evidence. Uncorroborated oral testimony of interested witnesses is not evidence upon which Dr. Perry may reasonably rely in formulating his opinions regarding KOT's inventorship claim.

With regard to the Barrie Hart design file, as the court previously stated, Dr. Perry's initial expert report did not properly include opinion testimony regarding the design file and his supplemental declaration was insufficient to remedy the deficiency. Dr. Perry is, however, permitted to testify as to the portions of the Barrie Hart file he reviewed upon which his initial expert opinion is based. Further,

1  to the extent Memry and STC seek to cross-examine Dr. Perry as to his opinion based on the portions
2  of the design file he had reviewed prior to supplementing his expert report, he will be permitted to
3  update his testimony. Memry's motion to exclude because the design file has not been authenticated is
4  denied as premature.

5  However, the court has determined that because Dr. Perry has had no experience in the oil
6  industry, there is no foundation for his opinions regarding what a reasonable starting point for the
7  development of the STC sandscreen project would have been or how long the development should have
8  taken absent the alleged use of any information that may have originated with Besselink.

9  **3.  Motions re: Mark McCurley**

10  **a.  Memry's Motion in Limine No. 8 To Exclude from Trial Mark McCurley's Opinion for Being Unreliable [Docket No. 698]; STC's Motion in Limine No.**
11  **17 To Exclude KOT's Expert Mark McCurley from Testifying at Trial [Docket No. 793]**
12  
13  The court denies the motion to exclude as to McCurley's explanation of the desirability of
   sandscreens in the oil industry. He is precluded from testifying as to whether KOT as a successor to
14  United Stenting's rights is entitled to an upfront royalty. He is also precluded from testifying as to
15  whether any information is a trade secret or otherwise confidential.
16  
   **4.  Motions re: Thomas Smegal**
17  
18  **a.  Memry's Motion in Limine No. 12 To Exclude the Expert Report and Trial Testimony of Thomas F. Smegal, Esq. [Docket No. 705]; STC's Motion in Limine No. 4 To Exclude KOT's Expert Thomas Smegal, Jr. from Testifying**
19  **at Trial [Docket No. 710]**

20  For the reasons stated at the pretrial hearing on November 19, 2007, Memry and STC's motions
21  to exclude the testimony of Thomas Smegal are granted. The court will also exclude the testimony of
22  Gerald Mossinghoff.

23  **5.  Motions re: Limiting Testimony to Discovery Disclosures**

24  **a.  Memry's Motion in Limine No. 9 To Exclude Any Testimony by KOT Concerning Any Additional Alleged Trade Secret Disclosure That Was Not**
25  **Described in KOT's Supplemental Response to Interrogatory No. 5 [Docket No. 699]; STC's Motion in Limine No. 6 To Limit Testimony of KOT's Trial**
26  **Witnesses to be Consistent With Deposition Testimony of Rule 30(B)(6) Witnesses [Docket No. 717]; STC's Motion in Limine No. 7 To Limit the**
27  **Testimony of KOT's Experts to Matters Stated in Their Reports [Docket No. 761]; STC's Motion in Limine No. 8 To Exclude Testimony, Documents**
28  **and Things Not Produced in Discovery [Docket No. 763]**

1 Rulings on these motions are deferred until specific issues arise at trial with respect to whether facts in addition to those provided in discovery are being offered. As a general proposition, no party will be allowed to offer facts or documents that were not disclosed in discovery that go beyond information provided in discovery.

**C.     Memry's Motions In Limine**

**1.     Memry's Motion in Limine No. 1 To Exclude KOT from Asserting Monetary Damages Against Memry Because No Such Damages Were Disclosed in KOT's Third Amended Rule 26(A) Damages Statement [Docket No. 691]**

The court denies Memry's motion to prevent KOT from asserting monetary damages based on the insufficiency of KOT's disclosure in its Third Amended Rule 26(a) Damages Statement. The disclosure Memry contends is insufficient is as follows:

> The various categories of monetary recovery discussed above are incorporated into the following categories: (1) the damages suffered by [KOT] as a result of STC's misappropriation of the bistable technology in the downhole oil field; (2) the unjust enrichment obtained by STC in the downhole oil field as a result of its misappropriation; and (3) the diminution in the value of [KOT's] rights to the bistable cell technology in the medical field.

The disclosure, although framed in terms of STC's alleged misappropriation of the bistable technology, does not, as Memry argues, "explicitly calculate damages only against STC." KOT sufficiently placed Memry on notice that it was seeking damages against Memry by setting forth at the beginning of the disclosure that "it is seeking damages to its business arising from [Memry's] and [STC's] conduct, including without limitation, breach of the Collaboration Agreement, misappropriation of trade secrets, loss of patent rights and royalties on patent rights, plus associated interest and costs." Although the court recognizes that Judge Lloyd's January 4, 2007 order requires "KOT to produce an amended damages disclosure statement containing a specific numerical value for each category of damages it claims" and that the Third Amended Disclosure did not expressly state a numerical figure as to breach of contract damages, the court finds that the disclosure was sufficient to put Memry on notice that the $10 million damages figure asserted by KOT pertained to KOT's breach of contract claim against Memry.

Memry's motion to exclude KOT from asserting damages because KOT failed to allocate its damages between its predecessors in interest is denied. Nothing in Rule 26 nor in any order compelling production requires KOT to allocate damages between itself and its predecessors in interest.

**2.      Memry's Motion in Limine No. 2 To Exclude from Trial Dr. Ingberman's Damages**

See B.1 above.

**3.      Memry's Motion in Limine No. 3 To Exclude Testimony Concerning Oral Communications to Establish Inventorship [Docket No. 693]**

The court grants in part and denies in part Memry's motion to exclude testimony concerning oral communications to establish inventorship. A party seeking correction of inventorship must provide clear and convincing evidence of inventorship. *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 979-80 (Fed. Cir. 1997); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1461 (Fed. Cir.1998). To meet the clear and convincing evidentiary burden, the alleged co-inventors must prove their contribution to the conception with more than their own testimony concerning the relevant facts. *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). Whether the co-inventor's testimony has been sufficiently corroborated is evaluated under a "rule of reason analysis," which requires that an "evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993). Corroborating evidence may take many forms: reliable evidence of corroboration preferably comes in the form of records made contemporaneously with the inventive process. *Sandt Tech., Inc. v. Rosco Metal & Plastics Corp.*, 264 F.3d 1344, 1350-51 (Fed. Cir. 2001). However, circumstantial evidence of an independent nature may also corroborate. *Trovan*, 299 F.3d at 1303. Oral testimony from someone other than the alleged inventor may corroborate. *Id.*; *see also Linear Technology Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1327 (Fed. Cir. 2004). Memry may not exclude Besselink's testimony entirely: Besselink may tell his own story and seek to corroborate it with written records and circumstantial evidence of an independent nature, including oral testimony from someone other than the inventor.

It would appear that a significant amount of purportedly corroborative evidence as to oral disclosures made by Besselink to Memry in this case will come from van Moorleghem. It is clear that van Moorleghem is an interested witness. He has significant motivation to corroborate Besselink's

ORDER ON MOTIONS IN LIMINE—C-04-03843 RMW
MAG                                                                 7

1 inventorship: He has been a co-collaborator with Besselink since approximately 1999, he is a former
2 employee of Memry, he is financially invested in KOT and is currently serving as the client
3 representative for KOT. *See, e.g., Sandt Tech.*, 264 F.3d at 1351 (listing factors for determining whether
4 witness testimony is sufficiently corroborative).

5 The Federal Circuit has determined that there is a clear requirement that oral testimony by
6 interested parties must be corroborated by documentary testimony. *Lacks Indus., Inc. v. McKechnie*
7 *Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003); *see also Union Carbide v. Shell*
8 *Oil Co.*, 308 F.3d 1167, 1189 (Fed. Cir. 2002) ("Uncorroborated oral testimony by interested parties 'is
9 insufficient as a matter of law to establish invalidity of [a] patent.'"). Before Mr. van Moorleghem's oral
10 testimony may be offered concerning Besselink's alleged inventive contribution, it must be
11 corroborated by documentary evidence or oral testimony of an independent witness.

**4. Memry's Motion in Limine No. 4 To Exclude Any Testimony By Dr. Kenneth Perry Regarding KOT's Alleged Claim of Inventorship Based on Alleged Oral Conversations [Docket No. 694]**

See B.2 above.

**5. Memry's Motion in Limine No. 5 To Exclude KOT from Claiming It Suffered Damages Because KOT Does Not Have Title to Non-Medical Applications [Docket No. 695]**

The court denies this motion. Whether KOT has title to non-medical applications is a matter of proof.

**6. Memry's Motion in Limine No. 6 To Sequester KOT's Fact Witness, Wilfried Van Moorleghem, from Being Present in the Court So That He Cannot Hear the Testimony of Other Witnesses [Docket No. 696]**

The court denies the motion to sequester van Moorleghem. Judge Lloyd has found that van Moorleghem is "the functional equivalent of a KOT employee" and that he "should be characterized as the functional equivalent of an executive, due to his high-level oversight and his interest in the company's financial health." *See* FRE 615 (excepting a designated party representative from sequestering).

**7. Memry's Motion in Limine No. 7 To Exclude KOT's Expert, Dr. Perry, from Testifying on Barrie Hart's Design File for Failing to Timely Opine on the Design File in His Expert Report, and Exclude Barrie Hart's Design File for Lack of Authentication [Docket No. 697]**

See B.2 above.

8. **Memry's Motion in Limine No. 8 To Exclude from Trial Mark McCurley's Opinion for Being Unreliable [Docket No. 698]**

See B.3 above.

9. **Memry's Motion in Limine No. 9 To Exclude Any Testimony by KOT Concerning Any Additional Alleged Trade Secret Disclosure That Was Not Described in KOT's Supplemental Response to Interrogatory No. 5 [Docket No. 699]**

See B.5 above.

10. **Memry's Motion in Limine No. 10 To Exclude Any Mention to the Jury of Alleged Misappropriation of Trade Secrets [Docket No. 700]**

The court grants this motion as KOT's trade secret claim has been dismissed. However, if any party wishes to read from a deposition or other discovery response that refers to trade secrets or misappropriation in connection with the breach of collaboration agreement claim against Memry or the unjust enrichment claim against STC, the parties should bring the matter to the court's attention outside the presence of the jury so that the court can determine how the matter should be handled.

11. **Memry's Motion in Limine No. 11 To Exclude the October 11, 2007 Ratification of U.S., Inc. Served on October 12, 2007; and to Strike KOT's June 29, 2007 Motion for Imposition of Sanctions against Memry for Its Motion to Dismiss; and to Supplement Its June 13, 2007 Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 701]**

This motion is denied in most aspects. The issue of United Stenting's alleged lack of capacity to do business in California has been ruled on by the court. The sanctions motions are also moot. The question of what KOT has acquired by assignment is a matter of proof.

12. **Memry's Motion in Limine No. 12 To Exclude the Expert Report and Trial Testimony of Thomas F. Smegal, Esq. [Docket No. 705]**

See B.4 above.

D. **STC's Motions In Limine**

1. **STC's Motion in Limine No. 1 To Exclude Evidence and Arguments Re STC's and Memry's Alleged Trade Secret Misappropriation [Docket No. 706]**

As set forth above regarding Memry's Motion in Limine No. 10, the court will exclude mention to the jury of allegations of trade secret misappropriation. However, if any party wishes to read from a deposition or other discovery response that refers to trade secrets or misappropriation, the parties should bring the matter to the court's attention outside the presence of the jury so that the court can determine how the matter should be handled.

ORDER ON MOTIONS IN LIMINE—C-04-03843 RMW
MAG                                                                 9

**2.    STC's Motion in Limine No. 2 To Exclude KOT's Expert Daniel Ingberman from Testifying at Trial [Docket No. 707]**

See B.2 above.

**3.    STC's Motion in Limine No. 3 To Exclude Evidence and Arguments Re STC's and Memry's Alleged Deceptive Intent and Inequitable Conduct [Docket No. 709]**

The court grants this motion as it appears moot based on the court's ruling that KOT's cloud of title theory is not viable.

**4.    STC's Motion in Limine No. 4 To Exclude KOT's Expert Thomas Smegal, Jr. from Testifying at Trial [Docket No. 710]**

See B.4 above.

**5.    STC's Motion in Limine No. 5 To Preclude KOT From Introducing the Deposition Transcript of Zaki Selim at Trial [Docket No. 715]**

The court will defer ruling on this motion until it sees what KOT seeks to offer, if anything, from the deposition.

**6.    STC's Motion in Limine No. 6 To Limit Testimony of KOT's Trial Witnesses to be Consistent With Deposition Testimony of Rule 30(B)(6) Witnesses [Docket No. 717]**

See B.5 above.

**7.    STC's Motion in Limine No. 7 To Limit the Testimony of KOT's Experts to Matters Stated in Their Reports [Docket No. 761]**

See B.5 above.

**8.    STC's Motion in Limine No. 8 To Exclude Testimony, Documents and Things Not Produced in Discovery [Docket No. 763]**

See B.5 above.

**9.    STC's Motion in Limine No. 9 To Exclude All Evidence and Argument Relating to STC's Patents and Patent Applications Not in Suit [Docket No. 765]**

This motion is granted as to the correction of inventorship claim. However, the breach of contract claim does assert that KOT is the appropriate assignee of all rights to patents or patent applications based upon or derived from Besselink's Biflex technology. Therefore, to this limited extent, patents or patent applications utilizing the alleged Biflex technology can be referenced, although it would seem beyond the purview of this trial to determine which of STC's patents or applications, other than those in which Besselink is asserted to be an inventor, contain the alleged Biflex technology.

**10. STC's Motion in Limine No. 10 To Exclude Expert Witnesses from the Courtroom [Docket No. 767]**

As stated at the November 19, 2007 pretrial conference, this motion is denied.

**11. STC's Motion in Limine No. 11 To Exclude Lay Opinion and Hearsay Evidence of Alleged Valuations of Biflex Technology [Docket No. 768]**

The court grants this motion to exclude lay opinion and hearsay evidence of alleged valuations of Biflex technology. The lay opinions upon which van Moorleghem based his opinion evidence are hearsay and no hearsay exception applies. Although KOT argues that the evidence should come in as state of mind evidence reflecting the state of mind of parties before a hypothetical royalty negotiation, the court finds that the primary purpose of the evidence is to suggest value of the technology. Any limited probative value would be far outweighed by the prejudicial effect. *See* FRE 403. KOT does not appear to dispute that van Moorleghem's valuation was speculative.

**12. STC's Motion in Limine No. 12 To Exclude Evidence and Arguments Re Schlumberger/Weatherford Representation Agreement [Docket No. 782]**

The court will defer ruling on this motion.

**13. STC's Motion in Limine No. 13 To Exclude Evidence Relating to Oil and Gasoline Producers, Oil and Gasoline Producer Profits, Gasoline Prices, and Other Related Information [Docket No. 783]**

The court grants this motion at this time as it does not see the relevance of such evidence.

**14. STC's Motion in Limine No. 14 To Exclude Evidence and Arguments Re KOT's Alleged Licensing Efforts in the Oilfield Industry [Docket No. 784]**

Because the court has now dismissed the unfair competition and unjust enrichment claims to the extent that they relied upon a cloud of title theory, the issues to which KOT contends this evidence is relevant are no longer in the case.

**15. STC's Motion in Limine No. 15 To Exclude All Evidence and Arguments Regarding Scientific Studies Conducted by Jomed Relating to Bistable Stents [Docket No. 786]**

The court will defer ruling on this motion. The evidence appears to be irrelevant, but if STC or Memry argues that the alleged Biflex technology was subject to an inherent design flaw that made it a failure in the *medical* industry, the evidence regarding Jomed's scientific studies may be relevant upon a showing of a foundation for the studies.

**16.     STC's Motion in Limine No. 16 To Exclude Evidence and Arguments Re Substantive "Clarifications" to Deposition Transcripts of KOT Affiliated Witnesses [Docket No. 791]**

The court denies STC's motion to exclude evidence and arguments regarding substantive clarifications to KOT's witnesses' depositions. If KOT wants to offer that there was a clarification to certain deposition testimony, it can do so. Similarly, STC can point out and argue any inconsistencies between the original answers and the purported clarifications.

**17.     STC's Motion in Limine No. 17 To Exclude KOT's Expert Mark McCurley from Testifying at Trial [Docket No. 793]**

See B.3 above.

**18.     STC's Motion in Limine No. 18 To Exclude Allegations of "Copying" Patent Figures and Text [Docket No. 795]**

The court grants STC's motion to the extent it seeks to preclude KOT from assuming in a question that similar or identical information was "copied." However, KOT is not precluded from asking a witness if he or she copied something or arguing that there was copying if there is evidentiary support for such an inference.

**19.     STC's Motion in Limine No. 19 To Deem All Matters Judicially Noticed in Connection with the Motions for Partial Summary Judgment Heard on May 25, 2007 to be judicially Noticed for Trial [Docket No. 797]**

This motion is granted as unopposed.

**20.     STC's Motion in Limine No. 20 To Exclude the Testimony of Kenneth E. Perry [Docket No. 798]**

See B.2 above.

**D.     KOT's Motions In Limine**

**1.     KOT's Motion in Limine No. 1 To Bar Evidence of Schlumberger Technology Corporation's Reasons for Terminating Expandable Sand Screen Project [Docket No. 725]**

Based upon the parties' arguments as to why this evidence may or may not be relevant, the court defers ruling on this matter.

**2.    KOT's Motion in Limine No. 2 To Exclude Evidence of Legal Advice Received by Schlumberger Technology Corporation Concerning Memry's Rights [Docket No. 727]**

The court grants this motion. It does not appear that anyone is relying on an advice of counsel defense. Accordingly, no party should be allowed to ask whether any other party sought or obtained legal advice regarding issues in this case.

**3.    KOT's Motion in Limine No. 3 To Exclude Evidence of Legal Advice Received by Memry Corporation [Docket No. 728]**

For the reasons set forth above in the discussion of KOT's Motion in Limine No. 2, and because the motion is unopposed, the court grants the motion.

**4.    KOT's Motion in Limine No. 4 To Exclude Testimony by L. MacDonald Schetky of Memry Corporation Concerning Patent Claims [Docket No. 730]**

This motion is granted in part and denied in part. Memry's attorney instructed Schetky not to answer questions directed toward his understanding of the meaning of the claims of the '486 Application and the '276 Provisional. He should not subsequently be permitted to testify as to his understanding of those particular claims or anything that the instruction not to answer fairly covered. *See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham*, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001) (where party sought to argue that he continued his infringing activities based on the advice of his attorney, while at the same time refusing to answer questions regarding relevant communications with counsel until the eleventh hour, the district court was within its discretion in precluding party from invoking the advice of counsel defense). However, to the extent privilege was not asserted as to his understanding of the remaining claims, his testimony should not be excluded on the grounds raised by the motion.

**5.    KOT's Motion in Limine No. 5 To Prevent Memry Corporation and Schlumberger Technology Corporation From Calling Kentucky Oil's Trial Counsel, Nicola A. Pisano, as Witness at Trial [Docket No. 732]**

The motion is granted.

**6.    KOT's Motion in Limine No. 6 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Evidence or Making Arguments Concerning March 18, 2004 PTO Letter [Docket No. 734]**

The motion to exclude is granted. The PTO letter seems to be irrelevant. Even assuming it were relevant, the prejudice to KOT far outweighs the probative value. *See* FRE 403.

**7.     KOT's Motion in Limine No. 7 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Evidence or Argument That Paragon Assignment or Applications Limit Kentucky Oil's Rights or Claims [Docket No. 736]**

This motion is granted to the extent that Memry or STC seeks to introduce evidence or argument that the assignment of intellectual property from KOT to Paragon deprives KOT of standing or otherwise impacts KOT's ability to bring this action. That determination has already been made by this court. However, this does not preclude STC or Memry from introducing the evidence if it is relevant to another issue.

**8.     MOTION in Limine No. 8 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Evidence Concerning Kentucky Oil's Communications with Abbott Subsequent to Filing Lawsuit [Docket No. 737]**

This motion is denied as moot. The court has ruled on Memry's motion to dismiss and subsequent communications with Abbott no longer appear to be relevant.

**9.     KOT's Motion in Limine No. 9 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Evidence or Making Argument Concerning Kentucky Oil's Motives for Acquiring Rights or Filing Suit [Docket No. 739]**

The court will defer ruling on this motion. It appears, however, that the evidence may be relevant to impeach or show bias on the part of Besselink, van Moorleghem or both among other possible bases for relevance.

**10.    KOT's Motion in Limine No. 10 To Realign Parties by Designating Kentucky Oil as Plaintiff [Docket No. 740]**

The court grants this motion in part. KOT shall present first but parties are to refer to one another by their names rather than by plaintiff, defendant, etc.

**11.    KOT's Motion in Limine No. 11 To Require the Production of Witnesses Beyond the Court's Subpoena Power, or to Permit Inquiry on Cross-Examination into Additional Matters as if on Direct Examination [Docket No. 741]**

The court denies this motion without prejudice to KOT's seeking to offer evidence from witnesses which is technically beyond the scope of their direct examination, assuming they appear to testify live.

**12.  KOT's Motion in Limine No. 12 To Require Advance Notice of Witnesses [Docket No. 742]**

The court grants this motion in part. The court will require the parties to give 24-hour notice as to which witnesses are being called, in what order they will be called and the approximate duration of direct examination.

**13.  KOT's Motion in Limine No. 13 To Exclude Expert Testimony by Christopher Martinez [Docket No. 743]**

This motion is granted in part and denied in part. KOT does not challenge Martinez's qualifications, rather, it asserts that his opinion and testimony should be excluded because (1) Martinez's opinion is no longer relevant because it is directed only to damages for trade secret misappropriation, a claim which has been dismissed as time-barred, (2) his opinions are improperly based in part upon post-negotiation information and (3) Martinez formulated his opinion before reading Dr. Ingberman's report even though he was designated as a rebuttal witness.

STC acknowledges that Martinez's testimony as to damages was only intended to address damages as to KOT's trade secret, unfair competition and unjust enrichment claims. Nevertheless, Martinez's opinion concerns reasonable royalty calculations and is intended to rebut Dr. Ingberman's testimony regarding the same. *See* Martinez Report at 24-46. Because KOT continues to assert that the reasonable royalty analysis is applicable in this case, Martinez's expert testimony remains relevant.

However, although courts have the discretion to permit consideration of post-negotiation information when formulating a reasonable royalty, *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999), the type of post-negotiation information cited by Martinez does not shed light on what the parties could have been thinking about at the time of the hypothetical negotiation or what the circumstances were at the time of the negotiation. Therefore, Martinez will not be permitted to support his opinion based upon the described events taking place after the date of the hypothetical negotiation.

Although Martinez's opinion may have been formulated prior to his reading Ingberman's expert report, it appears that Martinez was aware of the theories upon which Ingberman's opinion would be based and appropriately anticipated its contents.

**14. KOT's Motion in Limine No. 14 To Exclude Expert Testimony by Dr. John C. Bravman [Docket No. 745]**

This motion is granted in part and denied in part. Dr. Bravman is experienced in materials engineering. Simply because his specialization is in thin film engineering does not mean that he is unqualified to testify as to "the mechanical behavior and processing behavior of materials" as regards the scale up of medical stent designs to oil well applications. His testimony is relevant to rebut the KOT's experts' opinions as to the similarity between Besselink's Biflex technology and the sandscreen application developed by STC. Dr. Bravman's lack of specific field experience in oil well and medical stent designs goes toward weight rather than admissibility. Dr. Bravman, however, can only testify as to what information was contained in the publicly disclosed Besselink documents and what would have been known by one skilled in the art. However, he cannot express and opinion on whether Memry or STC misappropriated anything.

**15. KOT's Motion in Limine No. 15 To Exclude Expert Testimony by Scott Hampton Concerning Damages [Docket No. 747]**

This motion is unnecessary. Hampton's testimony is relevant as rebuttal to Dr. Ingberman's report and Memry acknowledges that Hampton is not permitted to testify beyond matters disclosed in his Rule 26 report.

**16. Motion in Limine No. 16 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Prejudicial and Irrelevant Evidence Concerning Wilfried van Moorleghem [Docket No. 749]**

The issues raised by this motion are deferred.

**17. KOT's Motion in Limine No. 17 To Prevent Memry Corporation and Schlumberger Technology Corporation from Introducing Evidence or Argument Concerning United Stenting's Alleged Lack of Capacity [Docket No. 752]**

This motion is granted to the extent that Memry seeks to introduce evidence or argument to attack KOT's standing to bring this suit based upon United Stenting's alleged failure to qualify to do business in California. This issue has been decided by the court's order denying Memry's motion to dismiss for lack of jurisdiction. This order, however, is no broader than what KOT sought in its motion.

DATED:     11/27/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Memry:**
Andrew C. Ryan           ryan@cantorcolburn.com
William J. Cass          wcass@cantorcolburn.com
Thomas Mango             tmango@cantorcolburn.com
Benjamin J. Holl         benjamin.holl@dbr.com
Charles A. Reid, III     charles.reid@dbr.com

**Counsel for STC:**
Nancy J. Geenen          ngeenen@foleylaw.com
David B. Moyer           dmoyer@foley.com
Kimberly K. Dodd         kdodd@foley.com
Gina Ann Bibby           gbibby@foley.com
Debra D. Nye             dnye@foley.com
Eileen Ridley            eridley@foleylaw.com
Aaron M. Schwarcz        aschwarcz@foley.com

**Counsel for KOT:**
Michael H. Bierman       mbierman@luce.com
Nicola A. Pisano         npisano@luce.com
Jeffrey David Wexler     jwexler@luce.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      11/27/07                           /s/ MAG
                                           **Chambers of Judge Whyte**